FILED

Jun 11, 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: DUPIXENT (DUPILUMAB)
PRODUCTS LIABILITY LITIGATION

TRUE AND CERTIFIED COPY
Jaweia Campbell
5:48 pm, Jun 04 2026

MDL No. 3180

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in the Southern District of California *Mun*, Southern District of Florida *Fraioli*, and Northern District of Georgia *Nalls* actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Georgia or, in the alternative, the District of New Jersey or the Northern District of Illinois. Responding plaintiffs in six other actions listed on Schedule A support centralization in the Northern District of Georgia. Plaintiffs in five of those actions further support movants' requested alternative transferee districts. Defendants Regeneron Pharmaceuticals, Inc. (Regeneron), Sanofi-Aventis U.S. LLC (Sanofi), and Genzyme Corporation support centralization in the Southern District of New York, or, alternatively, in the Southern District of Florida or the Middle District of Florida.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Most plaintiffs used the prescription biologic medication Dupixent, which is commonly prescribed to treat atopic dermatitis,[1] and were later diagnosed with Cutaneous T-cell Lymphoma (CTCL). Other plaintiffs are the spouses or survivors of Dupixent users who were diagnosed with CTCL. Plaintiffs each allege that Dupixent caused them, their spouse, or the decedent to develop CTCL (or that Dupixent accelerated a preexisting CTCL). The parties agree that plaintiffs' allegations will raise common questions of fact, such as (1) whether the scientific literature shows a causal link between Dupixent use and CTCL development; (2) if such a link exists, when the defendants should have learned about it; and (3) whether defendants provided adequate warnings about Dupixent's risks. With fifteen actions and seven potential tag-along actions pending across twelve districts, centralization will serve the convenience of the parties and witnesses, and conserve judicial resources.

Defendants ask us to limit the centralized proceedings to actions alleging CTCL as the

---

[*] Judge Karen K. Caldwell and Judge Madeline Cox Arleo took no part in the decision of this matter.

[1] Atopic dermatitis is commonly known as eczema.

injury, not other lymphomas or malignancies.  Movants agree that this MDL should not include claims related to B-cell lymphoma, Hodgkin's lymphoma, or other diseases that are not T-cell lymphomas.  But they oppose limiting the MDL's scope to CTCL because they allege the scientific literature links Dupixent use to non-cutaneous T-cell lymphomas, including peripheral T-cell lymphoma and anaplastic large cell lymphoma.  Movants argue that the T-cell lymphoma subtypes are sufficiently similar that expert testimony and Rule 702 motions likely will overlap.

At this stage, we need not rule on whether cases involving T-cell lymphomas other than CTCL belong in this MDL.  While the complaints in some of the actions cite case reports or scientific literature documenting angioimmunoblastic T-cell lymphoma and peripheral T-cell lymphoma following Dupixent use, none of the plaintiffs in the actions before us allege that they have or had a T-cell lymphoma other than CTCL or one of its subtypes.  We can address the future expansion of the MDL beyond cases involving CTCL through the conditional transfer process.  *See* Panel Rule 7.1.

The District of New Jersey is an appropriate transferee district for this litigation.  Sanofi's principal place of business is in the District of New Jersey, and Regeneron, which is headquartered in nearby Tarrytown, New York, has corporate offices in the District of New Jersey.  Relevant witnesses and evidence are thus likely to be in or near the District of New Jersey, which is also easily accessible for the parties and witnesses in this nationwide litigation.  We assign the litigation to Judge Zahid N. Quraishi, an experienced transferee judge with the willingness and capacity to preside over this litigation.  We are confident that Judge Quraishi will steer this matter on an efficient and prudent course.

IT is THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Zahid N. Quraishi for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

David C. Norton                    Dale A. Kimball
M. Casey Rodgers

**IN RE: DUPIXENT (DUPILUMAB)**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 3180

### SCHEDULE A

Middle District of Alabama

WRIGHT−JENKINS v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 2:26−00087

Central District of California

BUNDY v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 5:26−00569

Eastern District of California

BELL, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 2:26−00320

Southern District of California

MUN v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 3:26−00127

Middle District of Florida

DURKIN v. SANOFI−AVENTIS U.S. LLC, ET AL., C.A. No. 2:26−00231

Southern District of Florida

FRAIOLI v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:26−20636

Northern District of Georgia

NALLS v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 1:25−07342
STREET, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:26−00493
LONG, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:26−00635
SEALS v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 1:26−00813

-A2-

<u>Northern District of Illinois</u>

WALSH v. REGENERON PHARMACEUTICALS, INC., ET AL.,
C.A. No. 1:25−15265

<u>District of New Jersey</u>

PHILLIPS v. REGENERON PHARMACEUTICALS, INC., ET AL.,
C.A. No. 2:25−18162

<u>District of Nevada</u>

LUCHSINGER, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
C.A. No. 2:26−00338

<u>Eastern District of Pennsylvania</u>

BOGGS, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
C.A. No. 2:26−00763

<u>Middle District of Tennessee</u>

RICHARDSON v. REGENERON PHARMACEUTICALS, INC., ET AL.,
C.A. No. 3:25−01125